**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RANDY J. LINNIMAN,                   :
                                     :   Civil Action No. 12-3098 (RBK)
            Petitioner,              :
                                     :
       v.                            :   **OPINION**
                                     :
DONNA ZICKEFOOSE,                    :
                                     :
            Respondent.              :

**APPEARANCES**:

    Petitioner pro se
    Randy J. Linniman
    #70238-056
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ 08640

    Attorney for Respondents
    John Andrew Ruymann
    Office of the US Attorney
    402 East State Street
    Suite 430
    Trenton, NJ 08608

**KUGLER**, District Judge

Petitioner Randy J. Linniman, a prisoner currently confined at FCI Fort Dix, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Respondent made an

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

application for leave to file a Motion to Dismiss in Lieu of Answer.  The Court granted Respondent's request and a Motion to Dismiss was filed (docket entry no. 12).

Because this Court lacks jurisdiction to consider this Petition, this Court will grant the Motion to Dismiss and dismiss the Petition for lack of jurisdiction.

## I.   BACKGROUND

Petitioner pled guilty to unlawful transfer of a firearm and unlawful possession of firearms with altered serial numbers in the United States District Court for the Eastern District of North Carolina on May 16, 2007.  Petitioner's sentencing hearing, at which he testified, was held on November 7 and 8, 2007.  Petitioner was sentenced to 120 months for the unlawful transfer of a firearm and 48 months for the unlawful possession of firearms with altered serial numbers.  The sentences were to be served consecutively, totaling the time of imprisonment at 168 months.[2]  Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, where the sentence was affirmed.[3]

---

(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] Linniman v. United States, 2012 WL 405355, **1-2 (E.D.N.C. Feb. 8, 2012).

[3] United States v. Linniman, 318 Fed. Appx. 224, 2009 WL 729002 (4th Cir), cert. denied 130 S.Ct. 171 (2009).

Petitioner then filed his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence challenging the sentence based on ineffective assistance of counsel and requesting modification of his sentence.  The court there granted a motion to dismiss the claims pursuant to Rule 12(b)(6) on February 8, 2012.[4]

Petitioner filed the instant Petition with this Court to challenge his federal sentence, stating that the remedy available to him under 28 U.S.C. § 2255 is inadequate and ineffective to examine the legality of his detention and asserts that jurisdiction is proper here under 28 U.S.C. § 2241 pursuant to the "savings clause" of § 2255.  (Petition, Docket entry no. 1, page 4.)  Respondents bring their motion to dismiss arguing that this Court lacks subject matter jurisdiction over the petition under 28 U.S.C. § 2241 and therefore the Petition must be dismissed.

II.   DISCUSSION

A.   Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to §

---

[4]Linniman v. United States, 2012 WL 405355 (Feb. 8, 2012).

2241 petitions through Habeas Rule 1(b).  A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).

B.   Analysis

Here, Petitioner seeks habeas relief under 28 U.S.C. § 2241 related to his criminal conviction and sentence despite the fact that he has previously filed an unsuccessful challenge to his conviction by a motion under 28 U.S.C. § 2255.  Respondents have moved to dismiss the Petition for lack of jurisdiction.  Second or successive motions under § 2255 are not permitted except in the instance of newly discovered evidence or a new rule of constitutional law that has been made retroactive.  See 28 U.S.C. § 2255(h).  Neither of those conditions exist here.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v.

4

United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 Fed.Appx. 148, 150 (3d Cir. 2011); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the court which imposed the sentence.  See 28 U.S.C. § 2255.  A one-year limitations period applies to § 2255 motions.  See 28 U.S.C. § 2255(f).

Section 2255 does, however, contain a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that a § 2255 remedy would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  Rather, the court was persuaded that § 2255 was "inadequate or ineffective" in the

5

unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251–52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exemption.  A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

Thus, under Dorsainvil and its progeny, this Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a

6

result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review.  See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539, Okereke v. United States, 307 F.3d at 120.

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception.  Petitioner has not demonstrated that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.

Accordingly, since the Dorsainvil exception does not apply here, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction, which is essentially a second or successive motion under § 2255.  Petitioner has previously pursued his remedies with respect to his challenges to his sentence and his requests have already been denied.  Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  Because Petitioner unsuccessfully raised his grounds for relief in a previous 2255 petition, the Court finds that it is not in the interests of justice to transfer this action.

III.   CONCLUSION

For the reasons set forth above, Respondent's motion to dismiss is granted and the petition will be dismissed with prejudice.  An appropriate order follows.

Dated: April 12, 2013
S/Robert B. Kugler
ROBERT B.KUGLER
United States District Judge